IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WAYNE PERANK and MONICA NEBEKER,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION<br><br><br>Case No. 2:20-cv-00712-JNP<br><br>District Judge Jill N. Parrish |

Wayne Perank and Monica Nebeker (collectively, the plaintiffs) sued the United States for negligence, alleging that a government project to replace an open-air irrigation canal with an underground pipe interfered with their access to water for their land. Perank also alleged that the contractor that performed the work damaged irrigation infrastructure located on his property. The court granted summary judgment in favor of the government. Now before the court is the plaintiffs' motion for reconsideration. ECF No. 94. The motion is DENIED.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider, however, may not be used to advance new arguments or supporting facts that could have been raised in prior briefing. *Id.* The plaintiffs argue that the court should reconsider its two principal rulings in the order granting summary judgment.

## I.      DISCRETIONARY FUNCTION EXCEPTION

The plaintiffs first contend that the court's ruling that the government is entitled to immunity under the discretionary function exception is clearly erroneous. In order for this exception to apply, two conditions must be satisfied. First, the disputed conduct must have been discretionary in nature. *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536 (1988). "[T]he discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." *Id.* Second, the discretionary conduct must be susceptible to policy analysis. *Id.* at 536–37.

In its motion for summary judgment, the government argued that the discretionary function exception barred the main thrust of the plaintiffs' negligence claim because (1) no federal statute or regulation prescribed a specific course of action regarding the pipeline project and (2) the project was susceptible to policy analysis. ECF No. 83 at 18–20. In their response brief, the plaintiffs ignored the government's first contention and argued that the exception did not apply because the government's decisions regarding the project were not grounded in policy considerations. ECF No. 87 at 14–18. In its ruling on the discretionary function exception, the court noted that the plaintiffs had "effectively conceded" the first discretionary function requirement by failing to address the government's argument on this prong or point to any statute or regulation mandating a specific course of action. ECF No. 92 at 7. The court further concluded that the government's decisions regarding the pipeline project were susceptible to policy analysis and, therefore, that the discretionary function exception immunized the government from liability for harms that could be traced to the government's policy decisions concerning the project. *Id.* at 10.

In their motion for reconsideration, the plaintiffs argue that the court's conclusion that that they had effectively conceded the first requirement of the discretionary function exception was

clearly erroneous. The court disagrees. The plaintiffs first point to the following reference to the Indian Department Appropriation Act of 1906, found in their response to the motion for summary judgment: "The 1906 Act also expressly establishes the [Uintah Indian Irrigation Project] as an Indian trust asset, stating that title thereto until otherwise provided by law shall be in the Secretary of the Interior in trust for the Indians . . . ." ECF No. 87 at 4–5. But this sentence is contained in a section of the response brief titled "Response to Statement of Facts" and makes no reference to the government's discretionary function exception argument. Indeed, nowhere in the response brief do the plaintiffs suggest that the Appropriation Act of 1906 is relevant to the first requirement of this exception.

The plaintiffs also note that they referenced both 25 U.S.C. § 381 and federal regulations contained in 25 C.F.R. Part 171 in their amended complaint. The plaintiffs assert that the following language from § 381 constrains the government's discretion:

> In cases where the use of water for irrigation is necessary to render the lands within any Indian reservation available for agricultural purposes, the Secretary of the Interior is authorized to prescribe such rules and regulations as he may deem necessary to secure a just and equal distribution thereof among the Indians residing upon any such reservations . . . .

The amended complaint, however, did not argue that § 381 was relevant to any potential discretionary function exception that could be raised by the government. Nor is a passing citation to § 381 and associated regulations in the amended complaint, which was filed more than three years before the plaintiffs' response brief, sufficient to challenge the government's contention in its motion for summary judgment that no statute, regulation, or policy required a specific course of action regarding the pipeline project. Because the plaintiffs never addressed this issue in their response brief or at oral argument on the motion for summary judgment, the court finds that it did

not err in concluding that the plaintiffs had effectively conceded the first requirement by failing to shoulder their burden of showing that they should prevail on this requirement. *See Hardscrabble Ranch, L.L.C. v. United States*, 840 F.3d 1216, 1220 (10th Cir. 2016) ("Because the discretionary function exception is jurisdictional, the burden is on [the plaintiff] to prove that it does not apply."). The plaintiffs may not raise new arguments concerning the first discretionary function requirement for the first time in a motion for reconsideration. *See Servants of Paraclete*, 204 F.3d at 1012.

Moreover, even if it were appropriate to entertain plaintiffs' new argument, the court would reject it. In order to prevail on their contention that the first requirement of the discretionary function exception has not been satisfied, the plaintiffs would have to show that the government's decisions regarding the implementation of the pipeline project were not discretionary in nature because "a federal statute, regulation, or policy specifically prescribe[d] a course of action for an employee to follow." *Berkovitz*, 486 U.S. at 536. The Appropriations Act of 1906 and § 381 only provide that the Pahcease Canal is held by "the Secretary of the Interior in trust for the Indians" and that the Secretary may "prescribe such rules and regulations as he may deem necessary to secure a just and equal distribution [of irrigation water] among the Indians residing upon" the Uintah and Ouray Reservation. These broad principals governing the administration of irrigation projects on Indian reservations do not come close to prescribing a specific course of action for government employees to follow.

In a footnote to their motion for reconsideration, the plaintiffs also argue that the court erroneously represented that the Ute Indian Tribe had endorsed the pipeline project by signing a memorandum of agreement because the document merely established a protocol for dealing with cultural and historical sites. ECF No. 94 at 5. But even if the court erred by characterizing the Tribe's endorsement of the memorandum as consent for the government to modify tribal land, the

court's ultimate conclusion remains sound. The government's decision to delay work on the project until the Tribe signed the memorandum was a susceptible to policy analysis, regardless of whether the document was a tacit endorsement of the project.

In their reply brief, the plaintiffs further assert that there is nothing in the record to substantiate the court's finding that the completion of the project was delayed due to the Tribe's delay in executing the memorandum. ECF No. 96 at 4. This assertion is incorrect. The government cited the affidavit of Kenneth Asay, who averred that the Tribe's delay in executing the memorandum delayed the project. ECF Nos. 83 at 9 & 83-2 at 4. The plaintiffs did not dispute this fact.

Finally, the plaintiffs argue for the first time in their reply brief that the court clearly erred by suggesting in its order that the interruption to their access to irrigation water was temporary. But in their briefing on the motion for summary judgment, the plaintiff did not cite any evidence that they experienced water shortages after the government completed the pipeline project.[1] Nor did they even mention this issue. The plaintiffs may not raise this issue for the first time in a motion for reconsideration, much less in a reply brief filed in support of such a motion. *See Servants of Paraclete*, 204 F.3d at 1012.

In sum, none of the plaintiffs' arguments for reconsidering the court's discretionary function exception ruling are persuasive. The court denies the motion to reconsider this portion of its order granting summary judgment.

---

[1] Indeed, the plaintiffs do not cite evidence supporting this contention in the briefing on their motion for reconsideration either. Instead, they assert that they alleged continuing shortages of water in their amended complaint. But plaintiffs may not rely on allegations made in the complaint to oppose summary judgment. *Sanchez v. Guzman*, 105 F.4th 1285, 1299 (10th Cir. 2024).

## II.    INDEPENDENT CONTRACTOR ISSUE

Although much of the plaintiffs' negligence claim against the government is barred by the discretionary function exception, the government conceded that this doctrine did not apply to a portion of this claim. The government acknowledged that this exception did not immunize the government from liability for Perank's claim that the government had damaged his on-farm irrigation infrastructure during the project. The government argued instead that it was not liable for any damage to Perank's infrastructure because the harm was caused by the Excavation Services, Inc., an independent contractor that it had hired to complete the project. *See Logue v. United States*, 412 U.S. 521, 527–28 (1973) (holding that the government is not liable for the negligence of independent contractors). In determining whether an individual or an entity is an independent contractor, courts consider the seven *Lilly* factors, which include:

> (1) the intent of the parties; (2) whether the United States controls only the end result or may also control the manner and method of reaching the result; (3) whether the person uses her own equipment or that of the United States; (4) who provides liability insurance; (5) who pays social security tax; (6) whether federal regulations prohibit federal employees from performing such contracts; and (7) whether the individual has authority to subcontract to others.

*Lilly v. Fieldstone*, 876 F.2d 857, 859 (10th Cir. 1989). The court considered these factors and found that, when resolving all material disputes of fact in favor of Perank, the evidence cited by the parties established that Excavation Services was an independent contractor. Therefore, the government was not liable for its actions. Perank argues that this ruling is clearly erroneous for three reasons.

First, Perank asserts that the court should not have reached this issue because it had found that it lacked subject matter jurisdiction due to its discretionary function exception ruling. See *Hardscrabble Ranch, L.L.C. v. United States*, 840 F.3d 1216, 1220 (10th Cir. 2016) (holding that

6

the discretionary function exception is jurisdictional). But, as noted above, the court ruled that only a portion of the plaintiffs' negligence claim was barred by this doctrine. Thus, the court did not err by addressing the government's independent contractor argument.

Next, Perank argues that the court clearly erred because Excavation Services' independent contractor status was a disputed fact that the court improperly resolved on summary judgment. But the ultimate question of whether Excavation Services is an independent contractor is not a question of fact. It is a legal determination based on an evaluation of the underlying facts under the *Lilly* factors. *Curry v. United States*, 97 F.3d 412, 414 (10th Cir. 1996). Thus, a court may apply the *Lilly* factors and determine that an entity is an independent contractor on summary judgment so long as it resolves all disputes regarding the underlying facts in favor of the nonmoving party. *See Gonzagowski v. United States*, 495 F. Supp. 3d 1048, 1111 (D.N.M. 2020); *Begay v. United States*, 188 F. Supp. 3d 1047, 1082 (D.N.M. 2016); *see also Harper v. San Luis Valley Reg'l Med. Ctr.*, 848 F. Supp. 911, 914 (D. Colo. 1994) (ruling on summary judgment that a plaintiff was an independent contractor rather than an employee within the meaning of the Fair Labor Standards Act, reasoning that "the conclusion to be drawn from the undisputed facts may now be drawn as a matter of law"). Here, the court resolved all disputes of fact relevant to the *Lilly* factors in favor of Perank and determined that the undisputed facts established that Excavation Services was an independent contractor. ECF No. 92 at 12–13. The court did not improperly resolve disputed facts when making this legal determination.

Finally, Perank argues that summary judgment on the issue of damage to his on-farm infrastructure was clearly erroneous because further findings are necessary to determine whether the damage was attributable the government's improper planning or design rather than Excavation Services' actions in executing the plan. But Perank may not merely speculate that the damage to

his infrastructure may have been caused by the government's negligent planning at the summary judgment stage of the litigation. The government cited evidence that Excavation Services was responsible for removing structures and filling in ditches that served Perank's land. ECF 83 at 12. The burden then shifted to Perank to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). But Perank does not point to any citations to the record that would support a conclusion that the damage to these structures was instead caused by negligent planning on the part of the government. Because Perank has not shown that it cited evidence that would create a dispute of fact on this issue, it has not demonstrated that the court clearly erred when it granted summary judgment in favor of the government on the issue of damage to his on-farm infrastructure.

For these reasons, the court denies the plaintiffs' motion to the extent that it seeks reconsideration of the court's independent contractor ruling.

### CONCLUSION

The court denies the plaintiff's motion for reconsideration.

DATED March 16, 2026.

BY THE COURT

Jill N. Parrish
United States District Court Judge